# RE MOTZ TIRE & RUBBER COMPANY.

TRADEMARKS; DESCRIPTIVENESS; AMENDMENT; DISCLAIMER.

1. Registration of an alleged trademark for nonmetallic electric vehicle tires should be denied for descriptiveness, when it consists in a perspective view of a clincher rim with a tire thereon, the word "Cushion" appearing across the end of a portion of the rim, and just below a perspective view of a portion of an automobile wheel passing over an obstruction so as to depress the tire.

2. An applicant for the registration of a trademark which has been refused upon the ground of descriptiveness cannot, by an amendment disclaiming the descriptive features, obtain registration of a mark which he is not shown ever to have used, and which is merely a skeleton of the real mark.

3. The representation of a rim of a wheel with a tire thereon is not, even though the tire be disclaimed, registerable as a trademark, since no manufacturer should be prevented from representing to the public the manner in which his goods are used.

No. 855. Patent Appeal. Submitted May 14, 1813. Decided May 26, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents refusing registration of an alleged trademark.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Clarence E. Humphrey* and *Mr. T. K. Bryant* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice Robb delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents refusing registration of an alleged trademark for "nonmetallic electric vehicle tires."

The drawing accompanying the application shows a perspective view of a clincher rim with a tire thereon, and across the end of a portion of the tire the word "Cushion," and just below a perspective view of a portion of an automobile wheel with a tire thereon. In the latter view the wheel is shown as passing over an obstruction, the tire being depressed thereby. Between the two views is the word "Trademark." It was this mark that the president of the applicant company, the Motz Tire & Rubber Company, swore was its trademark. The Patent Office declining to register the mark thus described, an amendment was filed with the following description: "The mark consists of perspective views of a portion of a clincher rim positioned above one half of a wheel having a similar rim thereon, an obstruction upon the ground being shown, while an arrow indicates the direction in which the wheel is traveling." The amended application also contains the following: "No claim being made to the descriptive word 'Cushion' and the representation of the tire, the arrow, the obstruction, and the ground."

That the mark which the record discloses the applicant adopted and used is descriptive, and hence nonregisterable, is too plain to admit of argument. Realizing this, the applicant now seeks to register a mark which the record fails to show it has ever used. The Patent Office was therefore quite right in declining to register this fictitious mark, this mere skeleton of the real mark. Moreover, we agree with the Commissioner that the representation of a rim for a tire, with a tire thereon, even though the tire be disclaimed, is not registerable as a trademark, for the reason that no manufacturer should be prevented from representing to the public the manner in which his goods are used.

The decision is affirmed.                    *Affirmed.*